## APPEAL BY A RECEIVER.

Circuit Court of Cuyahoga County.

JOHN L. YOUNG v. THE MANHATTAN BEACH COMPANY.

Decided, December 9, 1907.

*Receiver—Appeal Bond—Leave to Appeal Case.*

1. A receiver may appeal a cause in which he is interested without giving an appeal bond.
2. It is doubtful if a receiver needs leave of the court which appointed him, to appeal a case.

*J. H. Saltsman,* for plaintiff in error.
*Herman Preusser,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This case is appealed into this court by the receiver appointed in the case by the common pleas court. Motion is made to dismiss the appeal, because no appeal bond was given, and because the receiver did not get leave to appeal the case until thirty-one days after the entry of the order appealed from.

We think neither objection well grounded.

Section 5227, Revised Statutes, provides that a party desiring to appeal his cause to the circuit court shall give an appeal bond within thirty days after the judgment or order is entered on the journal of the court.

Section 5228, Revised Statutes, provides that:

"A party in any trust capacity, or a county treasurer in his official capacity who has given bond in this state with sureties, according to law, shall not be required to give bond and security to perfect an appeal; and in such case, the clerk of the common pleas court, at the expiration of thirty days from the entering of such judgment or order upon the journal of the court. shall if not otherwise directed, make a transcript, which, together with the papers and pleadings in the case he shall transmit to the clerk of the circuit court as in other cases of appeal."

We hold that a receiver appointed as this receiver was appointed, comes within the provision of this statute, being a party

in a trust capacity, qualified as therein provided, and may appeal any cause in which he is interested without giving bond, and the clerk not being otherwise directed within the thirty days, on the thirty-first day properly and according to law made a transcript and transmitted it with the other papers to this court. Nor was the leave to appeal by the court which appointed the receiver granted too late. There was no reason for granting it until after the thirty days were up, for some other party might appeal and make such leave unnecessary. Again, in view of the statute referred to, it is doubtful if any leave is necessary for the appeal is perfected as of course, by the clerk, unless the court orders otherwise and here there was no countermanding order.

Motion overruled.